**LEITCH et ux. v. SHAW.   (No. 7107.)**

(Court of Civil Appeals of Texas. San Antonio.   Feb. 20, 1924.)

1. **Trial** ⬅️395(6)—**Description of building contract sued on and nonincorporation of attached sketch in findings held not error.**

In an action for the balance due on a building contract and to foreclose a mechanic's and materialmen's lien, where the court set out the contract in hæc verba as part of the findings, there was no contention that it was not the one under which the work was done, and a sketch of the proposed addition was attached to the contract and included in the statement of facts, the court did not err in describing the contract as one for a four-room addition, because it did not state the number of rooms, nor in not incorporating the sketch in the findings.

2. **Evidence** ⬅️445(7)—**Additional work may be done by subsequent agreement without changing terms of original contract.**

Additional work under an original contract for extras, additions, etc., may be contemplated and done by subsequent agreement of the parties, without changing, varying, or altering the terms of the original contract.

Appeal from District Court, Kleberg County; W. B. Hopkins, Judge.

Suit by J. N. Shaw against O. S. Leitch and wife. Judgment for plaintiff, and defendants appeal. Affirmed.

E. H. Crenshaw, Jr., of Kingsville, for appellants.

C. H. Reese, of Kingsville, for appellee.

COBBS, J. This suit was brought by appellee against appellants to recover the alleged balance due on a building contract, and to foreclose a mechanic's and materialmen's lien fixed upon the property. The case was tried by the court, without a jury, and the court made and filed findings of fact and conclusions of law. A statement of facts of the entire case was also filed. The findings and conclusions of law made by the trial court are very full. They show all the extra work done, in detail, and the price and charges therefor are found by the court to be just and reasonable. The lien was properly fixed by appellee, as the statute requires in such cases.

The court entered judgment for this extra work for the sum of $209.50 in favor of appellee, with foreclosure of his lien against appellants.

Appellants have filed a brief in this case,

but cite no authority for any contention made. Appellee has filed no brief.

An examination and review of the testimony disclosed by the statement of facts convinces us that the findings are supported by the evidence, which requires an affirmance of the judgment, unless there has been some error of law committed by the court in the trial and disposition of the case.

[1] We do not think there is any merit in the first assignment, complaining that the court erred in describing the written contract for a four-room addition, because the contract does not state the number of rooms to be made to the addition. The court set out the contract, as a part of the findings, in hæc verba, and there is no contention that it was not the contract under which the work was done, nor was there any error on the part of the court in not incorporating in the findings the sketch of the proposed addition. That seems attached to the contract referred to, and is included in the statement of facts.

[2] There was no error on the part of the court in finding under the facts that the numerous changes from the original written contract for such additional or extra work was contemplated. Additional work under original contracts for extras, additions, etc., may always be contemplated and done by the subsequent agreement of parties, from time to time, without changing, varying, or altering the terms of the original contract.

The testimony shows that the extra work was done, from time to time, under agreement and instructions from appellants, and appellee, in performing this service, was not bound by any term in the contract that it should not be done.

We think the property is sufficiently described to justify the foreclosure thereon, and overrule assignments of error 5 and 6, presenting the question.

We think this case has been fairly tried and substantial justice done, and overrule all the assignments of error, and affirm the judgment of the trial court.